FILED
CLERK, U.S. DISTRICT COURT
12/02/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ASI___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PHYLLIS HOPE STITT and<br>KENNETH EARL RILEY,<br><br>    Defendants. | No. 2:24-cr-00717-AB<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Mail Fraud and Bank Fraud] |

The United States Attorney charges:

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. The California Employment Development Department ("EDD") administered the unemployment insurance ("UI") benefits program for the State of California.

2. On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act. As a result, Congress passed

the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

3.   Prior to the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim.  Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

4.   The CARES Act established a new program — Pandemic Unemployment Assistance ("PUA") — to provide UI benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history, who were out of business or had significantly reduced their services as a direct result of the pandemic.  UI benefits provided under the PUA program were sometimes referred to as PUA benefits.

5.   Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits administered by EDD if he/she previously performed such work in California and was unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19-related reason.

6.   Persons applying for PUA benefits did not need to submit any supporting documents to EDD with their applications.  Claimants

1  reported their total income for the 2019 calendar year on the
2  application.  The stated income was used to calculate the benefits
3  to be paid, which were at least $167 per week.
4       7.   A PUA benefits claimant was required to answer various
5  questions on his/her application to establish his/her eligibility
6  for the benefits.  The claimant was required to provide his/her
7  name, Social Security Number, and mailing address.  The claimant was
8  also required to identify a qualifying occupational status and
9  COVID-19 related reason for being out of work.
10      8.   After it approved an application for UI benefits, including
11 an application submitted pursuant to the PUA program, EDD would
12 create a debit account ("EDD debit account") with Bank of America, NA
13 ("Bank of America").  An Electronic Bill Payment ("EBP") debit card
14 linked to the EDD debit account would then be mailed via the United
15 States Postal Service from Bank of America to the claimant at the
16 address the claimant provided as his/her mailing address on his/her
17 UI benefits application.
18      9.   EDD would deposit UI benefits, including pandemic benefits,
19 to the EDD debit account. The debit card could then be used to
20 withdraw the benefits from the EDD debit account in cash, using
21 automated teller machines ("ATMs"), including ATMs that Bank of
22 America and U.S. Bank operated, and to pay for purchases.
23      10.  Bank of America and U.S. Bank were financial institutions
24 that were insured by the Federal Deposit Insurance Corporation.
25      11.  Defendant PHYLLIS HOPE STITT and defendant KENNETH EARL
26 RILEY were residents of Los Angeles County, California, and in a
27 relationship with each other between at least as early as in or
28 around March 2009 and continuing to approximately March 2021.

12. Defendant STITT was employed by EDD as an employment program representative whose job duties included determining claimant eligibility for UI benefits and performing claim processing activities.

B. THE OBJECTS OF THE CONSPIRACY

13. Beginning no later than in or around March 2020 and continuing until at least in or around September 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendants STITT and RILEY conspired with one another and with others known and unknown to the United States Attorney, to commit offenses against the United States, namely: (a) mail fraud, in violation of Title 18, United States Code, Section 1341; and (b) bank fraud, in violation of Title 18, United States Code, Section 1344(2).

C. MANNER AND MEANS OF THE CONSPIRACY

14. The objects of the conspiracy were carried out, and were to be carried out, in substance, as follows:

    a. Defendant STITT would acquire the names, dates of birth, social security numbers, and other personal identifying information of individuals.

    b. As an employee of EDD, defendant STITT would file, and cause the filing of, fraudulent EDD applications for UI benefits, including pandemic benefits, for individuals who were ineligible because, among other reasons, they were: (i) employed; (ii) not unemployed due to the pandemic; or (iii) deceased (the "fraudulent EDD applications").

    c. To cause EDD to approve the fraudulent EDD applications, defendant STITT would submit materially false

information to EDD on the fraudulent EDD applications, including that the named claimant had been employed in California and had become unemployed as a direct result of the COVID-19 pandemic and was entitled to UI benefits. Defendant STITT would also falsely document in the EDD claim records that the named claimant had provided employment history and driver's license information. In fact, as defendant STITT knew, the information about the claimants' employment status and records those claimants had purportedly provided was not true.

        d. To increase the amount of UI benefits to be paid, defendant STITT would backdate UI claims to generate UI benefit payments to be paid out for a period prior to the filing of the claim and would falsely certify that that the named claimant was unemployed due to the pandemic and was actively searching for employment in order for UI pandemic benefits to be disbursed.

        e. To gain control of and access to the UI benefit payments that the fraudulent EDD applications were intended to generate, defendant STITT would include as the mailing address on the fraudulent EDD applications addresses to which defendant RILEY and/or his associates had access.

        f. As a result of filing fraudulent EDD applications and processing claims that falsely represented and caused to be falsely represented that the named claimants were entitled to UI benefits administered by EDD when, as defendant STITT then knew, they were not, defendant STITT would cause EDD to:

            i. Authorize fraudulent UI benefits, including pandemic benefits, to be provided via EDD debit accounts established at Bank of America in the names of the named claimants who were

ineligible for pandemic benefits administered by EDD because, among other reasons, they were (i) employed; (ii) not unemployed due to the pandemic; or (iii) deceased; and

    ii. Cause EBP debit cards, that is, debit cards in the names of the named claimants linked to the EDD debit accounts at Bank of America, to be mailed to the mailing addresses to which defendant RILEY and/or his associates had access.

  g. After EDD approved the fraudulent EDD applications and claims and disbursed the UI funds (including pandemic benefits) to the EDD debit accounts, and after Bank of America issued the EDD debit cards linked to those accounts, defendant RILEY would call Bank of America to activate the EBP debit cards.

  h. Thereafter, defendant RILEY and his associates would fraudulently assume the identities of the EDD debit account holders and use the corresponding EBP debit cards to make fraudulent cash withdrawals of the benefits, knowing that they were not entitled to the withdrawals. The withdrawals would be made through cash withdrawals from ATMs (including ATMs that Bank of America and U.S. Bank operated in Los Angeles and San Bernardino Counties, and elsewhere), electronic transfers, and point-of-sale retail purchases.

D. <u>OVERT ACTS</u>

 15. On or about the dates set forth below, in furtherance of the conspiracy, and to accomplish its objects, defendants STITT and RILEY, and others known and unknown to the United States Attorney, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California, and elsewhere:

### Victim J.G.

**Overt Act No. 1:** On August 25, 2020, defendant STITT filed a fraudulent application for pandemic assistance UI benefits that falsely asserted that the named claimant, victim J.G., was unemployed as a stylist/barber due to the COVID-19 pandemic, and verified J.G.'s driver's license information, which resulted in the approval and disbursement of UI benefits.

**Overt Act No. 2:** On September 5, 2020, defendant RILEY contacted Bank of America to activate the EBP debit card ending in 6332 that was linked to the EDD debit account established to disburse UI benefits to victim J.G.

**Overt Act No. 3:** On September 5, 2020, defendant RILEY used the EBP debit card ending in 6332 issued in the name of victim J.G. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

### Victim R.W.

**Overt Act No. 4:** On May 26, 2021, defendant STITT accessed EDD records relating to a UI claim for pandemic assistance benefits in the name of victim R.W., who died on September 25, 2020, and requested certification for unemployment eligibility for 16 weeks of UI benefits backdated to January 2, 2021.

**Overt Act No. 5:** On May 29, 2021, defendant RILEY used an EBP debit card ending in 6977 and issued in the name of victim R.W. to withdraw $1,000.

**Overt Act No. 6:** On June 27, 2021, defendant RILEY contacted Bank of America to activate a new EBP debit card ending in 6356 and linked to the EDD debit account established to disburse UI benefits to victim R.W.

**Overt Act No. 7:** On June 27, 2021, defendant RILEY used the EBP debit card ending in 6356 issued in the name of victim R.W. at a Bank of America ATM in Los Angeles, California, to withdraw $1,000.

### Victim D.W.

**Overt Act No. 8:** On August 31, 2021, defendant STITT accessed EDD records relating to a UI claim for pandemic assistance benefits in the name of victim D.W. and changed the mailing address on the claim in the name of victim D.W. to a mailing address to which defendant RILEY had access.

**Overt Act No. 9:** On August 31, 2021, defendant STITT accessed EDD records relating to a UI claim for pandemic assistance benefits in the name of victim D.W. and reactivated a dormant UI claim in the name of victim D.W.

**Overt Act No. 10:** On August 31, 2021, defendant STITT accessed EDD records relating to a UI claim for pandemic assistance benefits in the name of victim D.W. and requested certification for unemployment eligibility for 11 weeks of UI benefits in the name of victim D.W., backdated to June 19, 2021.

**Overt Act No. 11:** On August 31, 2021, defendant RILEY contacted Bank of America by telephone regarding an EBP debit card ending in 2402 issued in the name of victim D.W. and linked to the EDD debit account established to disburse UI benefits to victim D.W.

**Overt Act No. 12:** On September 10, 2021, defendant RILEY contacted Bank of America by telephone twice regarding an EBP debit card ending in 2402 issued in the name of victim D.W. and linked to the EDD debit account established to disburse UI benefits to victim

D.W., the same day that the 11 weeks of the backdated UI benefits referenced above in Overt Act No. 13 were approved.

<u>Overt Act No. 13</u>:  On September 11, 2021, defendant RILEY contacted Bank of America by telephone twice regarding an EBP debit card ending in 2402 issued in the name of victim D.W. and linked to the EDD debit account established to disburse UI benefits to victim D.W.

<u>Overt Act No. 14</u>:  On September 11, 2021, defendant RILEY used the EBP debit card ending in 2402 issued in the name of victim D.W. at a Bank of America ATM in Los Angeles, California, to withdraw $1,000.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

ROGER A. HSIEH
Assistant United States Attorney
Deputy Chief, Major Frauds Section

STEVEN M. ARKOW
Assistant United States Attorney
Major Frauds Section